UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV 12 -    3639**

------------------------------------------------------------------------X

JEROME SMITH,

               Plaintiff,

      -against-

CITY OF NEW YORK, PHILIP VACCARINO, Individually,
and JOHN and JANE DOE 1 through 10, Individually (the
names John and Jane Doe being fictitious, as the true names are
presently unknown),

               Defendants,

**COMPLAINT**

Docket No.

Jury Trial Demanded

**SUMMONS ISSUED**

------------------------------------------------------------------------X

      Plaintiff JEROME SMITH, by his attorneys, Leventhal & Klein, LLP, complaining of the

defendants, respectfully alleges as follows:

### Preliminary Statement

      1.    Plaintiff bring this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as

said rights are secured by said statutes and the Constitutions of the State of New York and the

United States. Plaintiff also asserts supplemental state law claims.

### JURISDICTION

      2.    This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

      3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

      4.    Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff JEROME SMITH is a thirty year old African American man who resides in Brooklyn, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants PHILIP VACCARINO, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

2

YORK.

## FACTS

12.    On September 12, 2010, at approximately 7:10 p.m., plaintiff was a lawful pedestrian in the vicinity of Broadway and Market Street, Staten Island, New York.

13.    Plaintiff was walking to the store when he was stopped by the defendant officers, including defendant PHILIP VACCARINO.

14.    The defendants searched plaintiff and placed over tight handcuffs on his wrists.

15.    The defendant officers transported plaintiff to a police precinct stationhouse and unlawfully imprisoned plaintiff therein until his arraignment in Richmond County Criminal Court on false charges of trespass.

16.    The defendants falsely alleged that an hour and forty-five minutes prior to arresting plaintiff, the defendants observed plaintiff enter and unlawfully remain inside a New York City Housing Authority building located at 1075 Castleton Avenue, Staten Island, New York.

17.    Plaintiff never entered said building.

18.    On September 13, 2010 plaintiff was arraigned in Richmond County Criminal on the baseless trespass charges filed under docket number 2010RI008634; said charges having been filed based on the false allegations of defendant PHILIP VACCARINO. The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

19.    As a result of the defendants' false allegations, the Honorable Alan J. Meyer set bail on plaintiff's case, causing plaintiff to be incarcerated until his bail was posted for him on

3

September 15, 2010.

20.    The malicious prosecution compelled plaintiff to return to Court on eight occasions until July 18, 2011, when the false charges filed against him were dismissed and sealed in Richmond County Criminal Court.

21.    The defendant officers VACCARINO and JOHN and JANE DOE 1 through 10 either directly participated in and/or failed to intervene in the illegal conduct described herein.

22.    All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising its employees, and due to discrimination against plaintiff due to his race and/or nationality.

23.    The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board) that many NYPD officers are insufficiently trained regarding the requirements to stop, detain, and arrest individuals, and that many NYPD officers arrest individuals despite lacking probable cause and then commit perjury and/or manufacture evidence and/or engage in falsification in an effort to convict such individuals or for other unlawful motives.

24.    Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

25.    Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament,

4

maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

26.      As a result of the foregoing, plaintiff JEROME SMITH sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of his constitutional rights.

## **Federal Claims**

### **AS AND FOR A FIRST CAUSE OF ACTION**
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

27.      Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "26" with the same force and effect as if fully set forth herein.

28.      All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

29.      All of the aforementioned acts deprived plaintiff JEROME SMITH, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

30.      The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

31.      The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police

5

Department, all under the supervision of ranking officers of said department.

32. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

33. As a result of the foregoing, plaintiff JEROME SMITH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

34. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. Defendants arrested plaintiff JEROME SMITH without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

36. Defendants caused plaintiff JEROME SMITH to be falsely arrested and unlawfully imprisoned.

37. As a result of the foregoing, plaintiff JEROME SMITH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Malicious Prosecution under 42 U.S.C. § 1983)

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in

6

paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39.    Defendants initiated, commenced and continued a malicious prosecution against plaintiff JEROME SMITH.

40.    Defendants caused plaintiff JEROME SMITH to be prosecuted without any probable cause until the charges were dismissed on or about July 18, 2011.

41.    As a result of the foregoing, plaintiff JEROME SMITH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Malicious Abuse of Process under 42 U.S.C. § 1983)

42.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43.    Defendants issued criminal process against plaintiff JEROME SMITH by causing his arrest and prosecution in Richmond County Criminal Court.

44.    Defendants caused plaintiff JEROME SMITH to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority and acts of brutality, and thereby violated plaintiff's right to be free from malicious abuse of process.

45.    As a result of the foregoing, plaintiff JEROME SMITH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

7

## AS AND FOR A FIFTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

46.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47.     The defendants falsely arrested and maliciously prosecuted plaintiff JEROME SMITH because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

48.     As a result of the foregoing, plaintiff JEROME SMITH was deprived of his rights under the Equal Protection Clause of the United States Constitution.

49.     As a result of the foregoing, plaintiff JEROME SMITH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

50.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51.     The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

52.     As a result of the foregoing, plaintiff JEROME SMITH was deprived of his liberty and right to substantive due process, causing emotional and physical injuries.

53.     As a result of the foregoing, plaintiff JEROME SMITH is entitled to

8

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

54.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55.     Defendants had an affirmative duty to intervene on behalf of plaintiff JEROME SMITH, whose constitutional rights were being violated in their presence by other officers.

56.     The defendants failed to intervene to prevent the unlawful conduct described herein.

57.     As a result of the foregoing, plaintiff JEROME SMITH'S liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

58.     As a result of the foregoing, plaintiff JEROME SMITH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

59.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly

9

supervise and train their subordinate employees.

61.     As a result of the foregoing, plaintiff JEROME SMITH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

62.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

64.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, arresting citizens without probable cause and then engaging in falsification and/or committing perjury and/or manufacturing evidence in an effort to convict such individuals or for other unlawful motives, including meeting arrest quotas and/or earning overtime compensation. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff JEROME SMITH'S rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

65.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff JEROME SMITH.

66.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff JEROME SMITH as alleged herein.

67.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff JEROME SMITH as alleged herein.

68.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff JEROME SMITH was unlawfully arrested, illegally searched, and maliciously prosecuted.

69.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff JEROME SMITH'S constitutional rights.

70.    All of the foregoing acts by defendants deprived plaintiff JEROME SMITH of federally protected rights, including, but not limited to, the right:

        A.    Not to be deprived of liberty without due process of law;

        B.    To be free from false arrest/unlawful imprisonment;

        C.    To be free from the failure to intervene;

        D.    To be free from malicious prosecution;

        E.    To be free from malicious abuse of process; and

        F.    To receive equal protection under law.

11

71.     As a result of the foregoing, plaintiff JEROME SMITH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### Supplemental State Law Claims

72.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73.     Within ninety (90) days after the malicious prosecution claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

74.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

75.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

76.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A TENTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

77.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78.     Defendants initiated, commenced and continued a malicious prosecution against plaintiff JEROME SMITH.

12

79.     Defendants caused plaintiff JEROME SMITH to be prosecuted without probable cause until the charges were dismissed on or about July 18, 2011.

80.     As a result of the foregoing, plaintiff JEROME SMITH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

81.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

83.     The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

84.     The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

85.     The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff JEROME SMITH.

86.     As a result of the aforementioned conduct, plaintiff JEROME SMITH suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

87.     As a result of the foregoing, plaintiff JEROME SMITH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

13

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

88.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "87" with the same force and effect as if fully set forth herein.

89.     Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest and prosecution of plaintiff JEROME SMITH.

90.     Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

91.     As a result of the foregoing, plaintiff JEROME SMITH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

92.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93.     Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest and prosecution of plaintiff JEROME SMITH.

94.     As a result of the foregoing, plaintiff JEROME SMITH is entitled to

14

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

95.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "94" with the same force and effect as if fully set forth herein.

96.     Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

97.     As a result of the foregoing, plaintiff JEROME SMITH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

98.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "97" with the same force and effect as if fully set forth herein.

99.     Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

100.     As a result of the foregoing, plaintiff JEROME SMITH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §11)

101.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "100" with the same force and effect as if fully set forth herein.

102.    As a result of defendants' conduct, plaintiff JEROME SMITH was deprived of his right to equal protection of laws.

103.    As a result of the foregoing, plaintiff JEROME SMITH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff JEROME SMITH demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individual defendants in an amount to be determined by a jury;

(C)    reasonable attorney's fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: Brooklyn, New York
        July 20, 2012

                                LEVENTHAL & KLEIN, LLP
                                Attorneys for Plaintiff JEROME SMITH
                                45 Main Street, Suite 230
                                Brooklyn, New York 11201
                                (718) 722-4100

                        By:    _____
                                BRETT H. KLEIN (BK4744)

17